Burr A. Kennedy, Appellee, v. Rose M. Laurence, Appellant.

Gen. No. 27,803.

1. APPEAL AND ERROR—*necessity that grounds relied on for reversal must appear in abstract.* The Appellate Court will not search the abstract for grounds for reversal and alleged error in construing the provisions of a lease relative to the right to terminate the tenancy on notice will not be considered where the abstract does not contain the lease or the provisions in question.

2. LANDLORD AND TENANT—*construction of provision for termination by notice.* The provision of a lease that it may be terminated on sixty days' written notice by either party to the other is controlling over any provision that service of notice shall not, of itself, be effective to terminate the tenancy or which in effect gives the lessee a perpetual lease.

Appeal by defendant from the Municipal Court of Chicago; the Hon. BERNARD P. BARASA, Judge, presiding. Heard in this court at the March term, 1922. Affirmed. Opinion filed February 19, 1923.

NICHOLS & NELSON, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal by defendant from an adverse

judgment in an action of forcible detainer, tried by the court.

Argument against the judgment is based upon certain provisions of a written lease which appears to have been introduced in evidence and considered by the court upon the trial. However, the abstract does not show this lease or any of its provisions. As we have said many times, we will not search the record for grounds for a reversal. Such grounds must appear in the abstract.

We infer that defendant was in possession of the premises in question by virtue of a written lease which contained a provision that it might be terminated upon either party giving the other sixty days' notice. July 9, 1921, defendant was served with notice that the lease would terminate September 30, 1921. The notice concluded as follows: "This notice is given pursuant to the provisions for a sixty-day notice in said lease contained and shall not operate as a waiver by Lessor of any other provision therein contained." It is said that there is a provision in the lease that the service of any notice that the tenancy will be terminated shall not, of itself, be deemed a termination thereof, hence the notice was not effective to end the leasing.

Even if the written lease was properly before us and it was found to contain such a provision, the sixty-day notice would still be effective. To hold that this alleged provision in the lease negatives the effect of the provision that it might be terminated by giving sixty days' notice, or any other notice of any kind, would result in taking away from the lessor any rights to terminate and would give to the lessee a perpetual lease. Such a leasing was evidently never contemplated, and the written instrument of the parties will not be construed so as to give this result. The judgment is affirmed.

*Affirmed.*

DEVER and MATCHETT, JJ., concur.